[No. B109273. Second Dist., Div. Four. Nov. 5, 1997.]

EREZ KORECH et al., Plaintiffs, Cross-defendants and Appellants, v. ROBERTA HORNWOOD et al., Defendants, Cross-complainants and Respondents.

## COUNSEL

Bonnie L. Bercu for Plaintiffs, Cross-defendants and Appellants.

Gordon P. Gitlen and Mitchell Monroe for Defendants, Cross-complainants and Respondents.

## OPINION

**HASTINGS, J.**—Plaintiffs and appellants Erez Korech and Yehoshua Manevich, doing business as Trust Electric (hereinafter referred to as plaintiffs), appeal a posttrial order granting the motion of defendants and respondents Steven Hornwood, Roberta Hornwood, Sanford Hornwood and Rita Hornwood (the Hornwoods) for attorneys fees in the amount of $28,723.43.

## FACTUAL AND PROCEDURAL BACKGROUND

The Hornwoods owned a shopping center in Sylmar (the Property). In connection with certain construction on the Property, the Hornwoods engaged Avis Construction, a general contractor (Avis). Avis hired plaintiffs, through their business, Trust Electric, to perform certain electrical work on the Property. A dispute arose regarding plaintiffs' work and plaintiffs were not paid. Plaintiffs filed a mechanic's lien on the Property and subsequently filed a complaint to foreclose on the lien. The complaint also alleged a cause of action for breach of contract against Avis and the Hornwoods and a cause of action for unjust enrichment against the Hornwoods. The amount of damages sought in each cause of action was $34,635.

The Hornwoods cross-complained against plaintiffs for negligence and deceit, claiming that plaintiffs failed to adequately and timely complete the requested electrical work and provide the necessary materials, causing the Hornwoods an unspecified amount of lost rents and profits.

The matter was tried in four days before the court. Avis did not appear for trial. After taking the matter under submission, the court found against plaintiffs on the breach of contract and unjust enrichment causes of action, but found that plaintiffs prevailed on the cause of action for foreclosure of the mechanic's lien. The court found against the Hornwoods on their cross-complaint.

The basis of the court's decision was that while plaintiffs had a contract with Avis, the general contractor, and thus were entitled to foreclosure on their mechanic's lien, there was insufficient evidence that a contract existed between plaintiffs and the Hornwoods.[1]

The Hornwoods then moved for attorneys fees pursuant to Civil Code section 1717, on the ground that plaintiffs had not prevailed on their breach

---

[1] The court's statement of decision read as follows: "[The Hornwoods] were not parties to the written contract that is alleged in the first cause of action and, while said cause of action was amended during trial to claim a breach of an oral contract, the evidence was insufficient to establish that any actual agreement was entered into because there was not sufficient agreement as to the terms and conditions of the relationship. The evidence most favorable to plaintiffs' position is that they reached a tentative agreement to complete the remaining work on the written contract in return for payment of the remaining amount due on the contract. Plaintiffs thereafter asked [the Hornwoods] for a progress payment claimed to be due under the written contract which was refused and plaintiffs therefore abandoned the job. However, the evidence was insufficient to determine what obligations each party would have had under this arrangement. [¶] As to the claim for unjust enrichment, because plaintiffs didn't have a direct contractual relationship with [the Hornwoods] for the improvements performed on the property, no right exists to recovery under such claim. [¶] Plaintiffs have proven, however, their right to recover on their mechanic's lien pursuant to Title 15 of the Civil Code. [The Hornwoods], as owners of the property in question, had entered into a contract with Avis Construction, in its capacity as a general contractor, to construct improvements to the

of contract claim. They sought $34,211.25 in fees, which included $30,581.25 for time spent by their trial attorney, Gordon Gitlen, $630 incurred by their former attorney, John Schiro, and approximately $3,000 incurred by another former attorney, David Wilzig.

The court granted the Hornwoods' motion for attorneys fees on the grounds that they were the prevailing party as to the breach of contract claim. However, it did not award the full amount sought, explaining that, "Because plaintiff[s] did prevail on other claims, however, an apportionment is appropriate. The court has applied the standards of *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83], which provides that fees need not be apportioned when incurred for representation on an issue common to a cause of action in which fees were proper and one in which they are not allowed, and has determined that [the Hornwoods are] entitled to $28,743.43 for attorneys' fees. In determining said amount, the court finds that [the Hornwoods] failed to make a sufficient showing of the attorneys' fees charged by David Wilzig or John [Schiro]. Additionally, the court has deducted certain charges contained in Gitlen's bill that appear would have been incurred solely on other claims as well as interest charges."

Plaintiffs moved for reconsideration of this order, and the court's minute order states as follows: "Even if reconsidered, the decision would be the same. . . . Plaintiff[s] made three claims in the complaint, one for breach of written contract, one for unjust enrichment and one based on [their] mechanic's lien. During the trial, the court, after pointing out to plaintiff[s] that the breach of written contract claim was of questionable merit because [the Hornwoods] weren't a party thereto, permitted plaintiff[s] to orally amend to state a claim for breach of an oral contract. Nevertheless, the court found against plaintiff[s] on both of the contract claims and on the claim for unjust enrichment and for the plaintiff[s] only on the mechanic's lien. In ruling on the motion for attorney's fees, the court was not . . . unmindful of all of the claims that were denied. [¶] The court found against plaintiff[s] on both contractual claims including the written contract, with the attorneys' fee provision, that was the subject of the first cause of action. This decision on the contract claim was not a mixed result for the parties. While plaintiff[s] prevailed on the statutory claim for a mechanic's lien, plaintiff[s] lost completely on the contractual claims, both written and oral. While mindful of the consequences of the ruling, the court is nevertheless without discretion

property. In entering into said contract, [the Hornwoods] specifically contemplated that a subcontract would be entered into for electrical work as well as work by other trades. Avis, in turn, contracted with plaintiffs for such electrical work which plaintiffs thereafter commenced and eventually substantially completed (except for the procurement and installation of a certain electrical panel)."

to deny attorneys' fees to the [Hornwoods] who prevailed completely on all contractual claims. A party must also be mindful of suing on a contract with an attorneys' [fee] provision where such claim is without merit."

## CONTENTIONS ON APPEAL

On appeal, plaintiffs contend that the court had no legal basis for awarding fees under either Civil Code section 1717 or Code of Civil Procedure section 1033. Citing our recent decision in *Dorman* v. *DWLC Corp.* (1995) 35 Cal.App.4th 1808 [42 Cal.Rptr.2d 459], they contend that the Hornwoods are not entitled to attorneys fees because they were not the prevailing party in the underlying action. Further, they argue that the trial court misinterpreted the scope of its authority in awarding fees, and that it mistakenly concluded that it had no discretion to deny the Hornwoods' motion. Finally, they argue that the amount of fees was excessive because: (1) the court failed to properly apportion those fees incurred solely in relation to the breach of contract claim; and (2) the court should only have awarded that amount set forth in the local court rules fee schedule.

## DISCUSSION

1. *Applicable legal concepts*

We first begin with a discussion of the applicable statutes, Code of Civil Procedure section 1033 and Civil Code section 1717, and the primary case upon which plaintiffs rely, *Dorman* v. *DWLC Corp.*, *supra*, 35 Cal.App.4th 1808.

Code of Civil Procedure section 1033, subdivision (a) provides: "In the superior court, costs or any portion of claimed costs shall be as determined by the court in its discretion in accordance with Section 1034 where the prevailing party recovers a judgment that could have been rendered in a court of lesser jurisdiction."

Here, the amount of actual damages, $24,687, was less than the jurisdictional minimum of superior court.

Civil Code section 1717 provides in pertinent part that: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party on the contract, . . . shall be entitled to reasonable attorney's fees in addition to other costs."

In the published portion of our opinion in *Dorman* v. *DWLC Corp.*, *supra*, 35 Cal.App.4th 1808, we discussed whether the amount of attorneys fees should be added to the damage award in determining whether a prevailing party has recovered a judgment in excess of jurisdictional limits pursuant to Code of Civil Procedure section 1033, subdivision (a). We concluded: "[D]iscretion to award attorney fees pursuant to section 1717 is controlled by the provisions of section 1033 in that situation where the primary damages awarded are less than the jurisdictional limit of a court of lesser jurisdiction. [¶] . . . [T]he trial court is not required to add a potential award of attorney fees, pursuant to section 1717, to the damage award before determining whether or not the prevailing party has recovered a judgment in excess of jurisdictional limits. However, that does not mean that the court need not consider the amount of reasonable fees or costs claimed when exercising its discretion pursuant to section 1033." (35 Cal.App.4th at p. 1815.)

We then considered whether the trial court properly exercised its discretion in deciding whether to allow costs and fees. We concluded that the court did not have the necessary information before it in ruling on the issue and remanded the matter for determination of the amount of attorneys fees and costs, as well as prejudgment interest.

We relied upon *Greenberg* v. *Pacific Tel. & Tel. Co.* (1979) 97 Cal.App.3d 102 [158 Cal.Rptr. 558], which explained that Code of Civil Procedure section 1032 does not provide any guidance to the trial court regarding the exercise of its discretion in determining whether all or a portion of costs should be awarded to the prevailing party. "It would seem clear that matters such as plaintiff's assessment of his chances for recovery beyond the jurisdiction of the municipal court when he filed his action—whether reasonable and in good faith—the amount of the recovery—looked at in relationship to the maximum amount of the municipal court jurisdiction—and the amount of costs incurred—are some of the factors to be considered by the trial judge in exercising his discretion under Code of Civil Procedure section 1032, subdivision (d)." (97 Cal.App.3d at p. 108.)

*2.   Can plaintiffs be held liable for fees pursuant to Civil Code section 1717 when it was found that no contract existed between them and the Hornwoods?*

■   Civil Code section 1717 was enacted to establish a mutual remedy for contracts that make attorneys fees available to one party only and to prevent oppressive use of those one-sided attorneys fees provisions. (*Reynolds Metal Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128.)

In the same vein, an award of attorneys fees pursuant to Civil Code section 1717 is proper when it is determined that the party sued is not a party

to the contract or that no enforceable contract was ever formed, as long as the plaintiff would have been allowed attorneys fees if it had prevailed in enforcing the contractual obligation. (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 870 [39 Cal.Rptr.2d 824, 891 P.2d 804], and cases cited therein.)

■  The contract plaintiffs sued upon contained the following provision: "In the event any process of law is resorted to by the contractor to collect any monies due hereunder, the buyer agrees to pay all costs, interest, and attorney's fees incurred."

At first blush, it would appear that the Hornwoods, having been found not to be parties to the contract plaintiffs sued upon, would be entitled to an award of attorneys fees based upon the contract language and Civil Code section 1717. However, our inquiry does not end there, simply because the lawsuit consisted of more than a breach of contract cause of action. The other causes of action were for foreclosure on the mechanics' lien, which plaintiffs prevailed upon, and for unjust enrichment, upon which the Hornwoods prevailed. Additionally, judgment was entered for the plaintiffs and against the Hornwoods on the causes of action for negligence and deceit contained in the Hornwoods' cross-complaint.

3.  *Who was the prevailing party in this action?*

The term "prevailing party" is defined in Code of Civil Procedure section 1032: "(a) As used in this section, unless the context clearly requires otherwise: [¶] . . . [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

Various cases have addressed the issue of deciding who the prevailing party is for purposes of awarding attorneys fees. Most of them address the issue of which party prevails when tort and contract claims are combined. The Supreme Court most recently held: "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial

briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation.] [¶] . . . [¶] . . . We agree that in *determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective. [Citations.] But when one party obtains a 'simple, unqualified win' on the single contract claim presented by the action, the trial court may not invoke equitable considerations unrelated to litigation success, such as the parties' behavior during settlement negotiations or discovery proceedings, except as expressly authorized by statute. [Citations.]" (*Hsu* v. *Abbara, supra,* 9 Cal.4th at pp. 876-877.)

"In law it is a good policy never to plead what you need not, lest you oblige yourself to prove what you cannot." (Abraham Lincoln, Letter to Usher F. Linder (Feb. 20, 1848) in The Quotable Lawyer (Shrager & Frost edits. 1986) ¶ 96.6, p. 241.)

A principal factor which we must consider here is that a contract claim was combined with a mechanic's lien claim. ■ Attorneys fees are not recoverable in actions to foreclose upon a mechanic's lien. (*Abbett Electric Corp.* v. *California Fed. Savings & Loan Assn.* (1991) 230 Cal.App.3d 355, 358 [281 Cal.Rptr. 362]; *Wilson's Heating & Air Conditioning* v. *Wells Fargo Bank* (1988) 202 Cal.App.3d 1326, 1330 [249 Cal.Rptr. 553].) If, however, there is a contract between the claimant and the owner of the property which contains an attorneys fees clause, the claimant can recover fees pursuant to the contract, but it is not the lien that creates the right to fees. (*Abbett Electric Corp.* v. *California Fed. Savings & Loan Assn., supra,* 230 Cal.App.3d at p. 358.) In *Abbett,* an electrical corporation (Abbett) entered into a written contract with the owner of real property to perform electrical work. The owner refused to pay Abbett and Abbett recorded a mechanic's lien against the owner's property. Abbett then filed a lawsuit for foreclosure on the lien and for breach of contract. Abbett prevailed at trial on both causes of action and the trial court awarded attorneys fees, including them as part of the lien amount. (*Id.* at p. 357.) The judgment was reversed to the extent that the attorneys fees were included in the lien amount. The appellate court explained: "Insofar as [Abbett] has a contractual claim to fees from [the owner], it has the same remedies against [the owner] and its property as any other party in an action for breach of a contract with an attorney's fee clause. We simply conclude that it does not have the additional remedy of a mechanic's lien for those fees." (*Id.* at p. 360.)

Plaintiffs contend that because they prevailed as to the central issue in dispute, that is, the failure of the Hornwoods to pay them for work performed, they should be considered the prevailing party for purposes of an attorneys fee award. They cite the status conference memorandum in which counsel for the Hornwoods stated that the primary objective of this case was to foreclose on a mechanic's lien.

Plaintiffs' breach of contract cause of action alleged that the contract was with "Avis Construction on behalf of [the Hornwoods]."[2] At trial, plaintiffs' theory against the Hornwoods was that in or about February 1992, Avis walked off the job and Steven Hornwood met with plaintiffs to discuss finishing the job. They argued in their trial brief that "[Steven] Hornwood, therefore, adopted the contract and thereby ratified it when he temporarily 'took over the project' upon Avis's departure and made the agreement directly with [plaintiffs] to complete the electrical work—which was then breached by [the Hornwoods] due to nonpayment to [plaintiffs] of required progress payments." Plaintiffs accordingly amended their complaint at trial to include a second contract claim for breach of oral contract. They were unable to prove an oral contract existed.

We agree that plaintiffs did receive the remedy they sought as to the mechanic's lien. However, we do not agree that payment for the work they performed was the sole issue at trial. Assuming they did their legal research, plaintiffs must have known that they would not be entitled to attorneys fees in pursuing their mechanic's lien remedies. Plaintiffs continued to pursue a

---

[2]The complaint alleges that plaintiffs entered into a written agreement, stating: "Avis Construction on behalf of defendants, [the Hornwoods], entered into a written agreement in which plaintiffs agreed to furnish labor and materials for tenant improvement on the real property described in paragraph 4 for an agreed contract price of $40,000, which defendants agreed to pay. The tenant improvements made by plaintiffs are required for defendants' convenient use and occupation of the subject property. . . . [¶] 8. Between November 5, 1991 and December 30, 1991 at the request of defendant Avis Construction, plaintiffs . . . furnished additional labor and materials used and intended to be used in the tenant improvement on the property identified above. The total sum of such services was $13,735. Attached hereto marked as Exhibit '2' and by this reference incorporated herein are true and correct copies of 'Extra Work Orders' reflecting the additional work performed by plaintiffs. [¶] 9. Between November 1, 1991 and April 21, 1992, at the request of defendant Avis Construction, plaintiffs furnished labor and materials used and intended to be used in tenant improvement on the property identified above. Except to the extent prevented and excused by the breaches of defendants [the Hornwoods] alleged below, plaintiffs have performed all obligations on their part to be performed under the contract and extra work. [¶] a. On or about April 21, 1992 defendants requested payment of overdue progress payments, defendants [the Hornwoods] refused to pay to defendants any portion of the overdue progress payments. [¶] 10. On or about April 21, 1992, defendants breached the above-referenced contract by failing to pay to plaintiffs the entire sum of $54,635 owing pursuant to the terms of the contract and extra work orders, although plaintiff has made repeated demands for payment of the same and precluding plaintiffs from completing work after 95% of the work was completed."

breach of contract theory even when a written contract could not be proven at trial. It is clear that the recovery of attorneys fees against the Hornwoods was a substantial aim of the lawsuit. Having elected to proceed with their breach of contract theory, they assumed the burdens of invoking that contract's attorneys fee clause. Upon losing that claim, they are now liable pursuant to the reciprocity established by Civil Code section 1717. (*Hsu* v. *Abbara, supra,* 9 Cal.4th at pp. 876-877.)

### 4. *Did the trial court properly exercise its discretion?*

In this matter, the court's minute orders demonstrate the trial court knew exactly what it was doing when it awarded attorneys fees to the Hornwoods despite the fact that plaintiffs prevailed on their mechanic's lien claim. It recognized that plaintiffs had persisted on a breach of contract claim for which there was no support and that they were overreaching by requesting punitive damages and attorneys fees when such amounts are never awarded in mechanics' lien cases. It went through the bills and apparently deducted those amounts which were identified as fees for mechanics' lien issues as well as those fees for which there was little factual support. It did not, however, base its decision on equitable considerations unrelated to litigation success. (*Hsu* v. *Abarra, supra,* 9 Cal.4th at p. 877.)

As far as plaintiffs' claims that the trial court should have awarded only those fees which related specifically to the breach of contract claim, we find the court's reasoning that it did not have to apportion fees was correct. The controlling case on this issue, which the trial court relied on, *Reynolds Metal Co.* v. *Alperson, supra,* 25 Cal.3d 124, held: "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. [Citations.] . . . [¶] Conversely, [a] plaintiff's joinder of causes of action should not dilute its right to attorney's fees. *Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed.* All expenses incurred with respect to the [issues common to all causes of action] qualify for award." (*Id.* at pp. 129-130, italics added.) Here, the Hornwoods' counsel could not defend them from the breach of contract claim without ascertaining the facts relating to the subcontract and the work performed, issues which were common to the mechanic's lien cause of action. While the trial court did deduct those fees which were clearly identified as having to do with the mechanic's lien cause of action, it was not required to make an apportionment of the other fees which necessarily involved reviewing and analyzing the basic facts of the relationship between plaintiffs and the Hornwoods.

Finally, we find no merit to the claim that the award was limited by the fee schedule set forth by the Los Angeles Superior Court rules.[3] The Hornwoods' counsel's declaration and the attached invoices constituted sufficient itemization of the fees claimed so as to exempt them from the limitations of the fee schedule.

We find the trial court acted well within its discretion, and we will not overturn its ruling. (*Mustachio* v. *Great Western Bank* (1996) 48 Cal.App.4th 1145, 1150-1151 [56 Cal.Rptr.2d 33]; *Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421, 429-430 [43 Cal.Rptr.2d 595].)

### DISPOSITION

The judgment (order granting attorneys fees) is affirmed. The parties are to bear their own costs on appeal.

Vogel (C. S.), P. J., and Baron, J., concurred.

A petition for a rehearing was denied December 2, 1997.

---

[3]Los Angeles Superior Court Rules, rule 3.2(a) provides as follows: "When a promissory note or contract provides for the recovery of (or a statute authorizes the clerk to enter) a reasonable attorney fee, the following schedule shall (unless otherwise determined by the court) be applied to the amount of the new judgment exclusive of costs: [¶] . . . [¶] Contested case (unless otherwise determined by the court): [¶] . . . [¶] $10,000.01 to 50,000, $870 plus 6% of the excess over $10,000." Subdivision (d) of that rule provides: "Any application for a fee in addition to a foregoing schedule because of extraordinary services shall be accompanied by an itemized statement of the services rendered or to be rendered."