Filed 5/29/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CATHERINE MAYNARD, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> BTI GROUP, INC., <br><br> Defendant and Appellant. | A136093 <br><br> (Sonoma County <br> Super. Ct. No. SCV-247728) |

We here confront the recurring issue of determining the prevailing party for the purpose of awarding attorney fees under a contractual attorney fee provision. Defendant BTI Group, Inc. (BTI) appeals a postjudgment order denying its motion for attorney fees, contending that although it was held liable for damages to the plaintiff, Catherine Maynard, under her cause of action for negligence, it was nonetheless the prevailing party entitled to attorney fees under Civil Code section 1717 (section 1717) because plaintiff did not recover under her cause of action for breach of the contract containing the attorney fee provision.

Under the broad language of the attorney fee provision, the trial court correctly rejected defendant's request for attorney fees. Unlike some attorney fee provisions that restrict the right to recover attorney fees to the party prevailing on a breach of contract claim, in which case the outcome of other claims does not affect the right to recover attorney fees, the agreement in this case entitles the party who prevails in the overall dispute to recover its attorney fees. Under the terms of this provision plaintiff is the prevailing party although she recovered on a tort theory rather than a contract theory. Therefore, we shall affirm the trial court's order.

1

**Facts and Procedural History**

Plaintiff and BTI were parties to a listing agreement under which BTI acted as the broker in the sale of plaintiff's retail business. The business was sold but the buyer subsequently filed for bankruptcy protection and a portion of the purchase price went unpaid. Because BTI failed to obtain security from the buyer as plaintiff had requested, plaintiff sued BTI for the balance of the purchase price, alleging seven causes of action: breach of contract, breach of fiduciary obligations, negligence, negligent misrepresentation, fraud in the inducement, fraudulent misrepresentation, and rescission. In a bench trial, the court found BTI liable on the negligence cause of action, awarding her damages of $24,000 plus interest, but found for BTI on all of the other causes of action including the two grounded on contract theories.

The listing agreement contained the following attorney fee provision: "All parties to this agreement agree to mediate, in good faith, any dispute prior to initiating arbitration or litigation. The prevailing party in the event of arbitration or litigation shall be entitled to costs and reasonable attorney fees except that any party found in those proceedings to have failed to mediate in good faith shall not be so entitled." Following the trial court's decision on the merits of plaintiff's claims, plaintiff and BTI both sought attorney fees. Plaintiff asserted that because she obtained a "net judgment against BTI," she was the prevailing party for the purpose of awarding attorney fees, as she was for the purpose of recovering other costs of suit. (Code of Civ. Proc., §1032.)[1] BTI argued it was the prevailing party as it "successfully defended the breach of contract claim[s]" and, thus, was the prevailing party pursuant to section 1717. The court ruled that plaintiff was the prevailing party and awarded her attorney fees. BTI's request for attorney fees was denied. BTI filed a timely notice of appeal from the denial of its request for its attorney fees.

---

[1]     All statutory references other than to section 1717 are to the Code of Civil Procedure.

## Discussion

BTI's claim for attorney fees proceeds on the assumption that section 1717 is the operative statutory provision, overlooking the significance of section 1021. Section 1021 states, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." "It is quite clear from the case law interpreting . . . section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves . . . ." (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.) Before section 1717 comes into play, it is necessary to determine whether the parties entered an agreement for the payment of attorney fees and, if so, the scope of the attorney fee agreement.

As made clear in *Xuereb,* and in numerous cases that have followed, a contractual provision may provide that the party who prevails in litigation over noncontractual claims shall recover its attorney fees. (*Xuereb v. Marcus & Millichap, Inc., supra*, 3 Cal.App.4th at p. 1342 ["under proper circumstances attorney fees may be awarded pursuant to section 1021 in a tort action"]; see, e.g., *Childers v. Edwards* (1996) 48 Cal.App.4th 1544, 1548-1549, and cases cited therein.) However, it is often unclear in contractual attorney fee provisions entitling the "prevailing party" (or words to that effect) to an award of attorney fees whether the parties intended fees to be recovered by the party who prevails only on a breach of contract claim or by the party who prevails in a broader sense, considering the action as a whole. If the latter, neither section 1717 nor any other provision precludes an award of attorney fees to a party prevailing on a tort claim, or authorizes an award to a party who has prevailed in defending a breach of contract cause of action but has been held liable on other related causes of action.

If the contractual provision limits an award of attorney fees to the party who has prevailed on the contract, fees may be awarded only to that party, and section 1717 is invoked. As the Supreme Court pointed out in *Hsu v. Abbara* (1995) 9 Cal.4th 863, in 1987 the Legislature replaced the term "prevailing party" in section 1717, subdivision (a) with the term "party prevailing on the contract," "evidently to emphasize that the

3

determination of prevailing party for purposes of contractual attorney fees was to be made without reference to the success or failure of noncontract claims." (9 Cal.4th at pp. 873-874.) "Section 1717 as amended in 1987, makes it clear that the party who obtains greater relief on the contract action is the prevailing party entitled to attorney fees under section 1717, regardless of whether another party also obtained lesser relief on the contract or greater relief on noncontractual claims." (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531.)

Thus, when the attorney fee provision provides that the party who prevails on the contract claim shall recover its attorney fees, only that party may recover its fees even if the other party obtains greater relief under a noncontractual cause of action. (*Korech v. Hornwood* (1997) 58 Cal.App.4th 1412.) In *Korech*, the plaintiff subcontractor sought recovery of amounts due for the performance of electrical work under causes of action for breach of contract and enforcement of a mechanics lien. Plaintiff recovered on the noncontractual mechanics lien claim but not on the contract claim. The attorney fee provision in what the plaintiff had alleged to be the controlling contract, fairly read,[2] provided for an award of attorney fees only to the party prevailing on the contract claim. Therefore the defendant was deemed the prevailing party and, under the mutuality provisions of section 1717, was entitled to recover its fees.

Similarly, in *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, the court assumed, without analyzing the issue, that the underlying attorney fee provision authorized an award of fees only to the party who prevailed on a

---

[2] The attorney fee provision read: " 'In the event any process of law is resorted to by the contractor to collect any monies due hereunder, the buyer agrees to pay all costs, interest, and attorney's fees incurred.' " (*Korech v. Hornwood, supra,* 59 Cal.App.4th at p. 1419.) The court in that case also based its conclusion on the fact that payment for the work performed was not the plaintiff's sole objective, and that the plaintiff had pursued the contract claim for the independent purpose of recovering attorney fees, a "substantial aim of the lawsuit." (*Id.* at pp. 1421-1422.)

4

contract claim.[3] On that basis, the court held that a defendant who defeated a breach of contract claim but was held liable on a noncontractual promissory estoppel theory was nonetheless the prevailing party entitled to recover its attorney fees. Quoting from *Korech,* the court concluded, " 'Having elected to proceed with [its] breach of contract theory, [plaintiff] assumed the burdens of invoking that contract's attorneys fees clause. Upon losing that claim, [plaintiff may] now [be] liable pursuant to the reciprocity established by . . . section 1717.' " (211 Cal.App.4th at p. 239.)

While it is clear that an attorney fee provision may authorize an award of fees only to the party who prevails on a claim to enforce the terms of the contract containing that provision, it is equally clear that an attorney fee provision need not be so limited. As indicated above, section 1021 allows "the parties to agree that the prevailing party in litigation may recover attorney fees, whether the litigation sounds in contract or in tort." (*Miske v. Coxeter* (2012) 204 Cal.App.4th 1249, 1259.) The attorney fees clause in a contract "may be broad enough to cover tort as well as contract causes of action." (*Hasler v. Howard* (2005) 130 Cal.App.4th 1168, 1171; *Childers v. Edwards, supra,* 48 Cal.App.4th at p. 1549.)

If the attorney fee provision does encompass noncontractual claims, the prevailing party entitled to recover fees normally will be the party whose net recovery is greater, in the sense of most accomplishing its litigation objectives, whether or not that party prevailed on a contract cause of action. This consequence was foreshadowed in the two

---

[3]     Although the attorney fee provision in that case entitled the prevailing party to recover attorney fees "in any dispute that arise[s] between the parties," the court observed that under section 1717 "when a contract provides for an award of fees 'incurred to enforce that contract,' 'the party prevailing on the contract . . . shall be entitled to reasonable attorney fees . . . .' " (211 Cal.App.4th at p. 237.) The court did not question whether the attorney fee provision was intended to award fees to the party prevailing in the entire lawsuit or simply on the breach of contract claim. We do not necessarily agree that the attorney fee provision in that case was so limited, but consider it important only to recognize that the court's analysis of the party entitled to recover its attorney fees proceeded on the assumption that under the terms of that attorney fee provision fees were to be awarded only to the party prevailing on a contract cause of action.

cases on which BTI heavily relies, *Hsu v. Abbara, supra,* 9 Cal.4th 863 and *Santisas v. Goodin* (1998) 17 Cal.4th 599. *Hsu* was a case involving only a single contract claim on which the defendant prevailed, obtaining a " 'simple, unqualified win.' " (9 Cal.4th at p. 876.) There were no other claims, contractual or noncontractual, on which the plaintiff prevailed or to which the attorney provision might have applied. Under those circumstances, the Supreme Court held that the trial court had no discretion to deny defendant an award of attorney fees. However, the court went on to say: "We agree that *in determining litigation success,* courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." (*Id.* at p. 877.) The Supreme Court elaborated further on this point in *Santisas,* where it observed: "If . . . the contract allows the prevailing party to recover attorney fees but does not define 'prevailing party' or expressly either authorize or bar recovery of attorney fees in the event an action is dismissed, a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (17 Cal.4th at p. 622.)

If the attorney fee provision is broad enough to encompass contract and noncontract claims, in awarding fees to the prevailing party it unnecessary to apportion fees between those claims. (*Cruz v. Ayromloo* (2007) 155 Cal.App.4th 1270, 1277 ["Here, the broad language of the attorney fee clause in the lease agreement covered all fees in any civil action stemming from the lease. The attorney fees clause in the lease provided, 'If civil action is instituted *in connection with* this Agreement, the prevailing party shall be entitled to recover court costs and any reasonable attorney's fees.' [Fn.] The underlying civil action encompassed both breach of contract and tort causes of action arising from the tenants' leases with appellant. Therefore, the trial court did not have to base its award solely on breach of contract damages because the lease contemplated recovery of attorney fees for all claims in any civil action *in connection with* the lease. Apportionment of fees for the breach of contract and tort causes of action was thus

unnecessary because the broad language of the attorney fee clause in the contract permitted recovery of attorney fees for breach of contract or any other claim asserted *in connection with* the lease."].) Similarly, if the attorney fee provision encompasses fees incurred in connection with any dispute arising out of the contract, in order to determine the prevailing party the contract cause of action should not be viewed in isolation from other related claims that were litigated. One should not "confuse the notion of prevailing in the lawsuit with that of prevailing 'on the contract.' " (*Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 975, fn. 21.) While prevailing on the contract is alone significant if the attorney fee provision limits fee entitlement to the party prevailing on the contract claim, it is not controlling if the provision authorizes fees to the party prevailing in the resolution of the entire controversy.

In the present case, the attorney fee provision, though somewhat unique in form, applies to fees incurred in the arbitration or litigation of "any dispute." Like provisions referring to any claim "in connection with" a particular agreement (*Myers Building Industries, Ltd. v. Interface Technology, Inc., supra*, 13 Cal.App.4th at p. 966), or to any action "arising out of" an agreement (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 608; see *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 712-713), an attorney fee provision awarding fees based on the outcome of "any dispute" encompasses all claims, whether in contract, tort or otherwise. "A 'dispute' is a more general term that includes any conflict or controversy. . . . Any conflict concerning the effect of the agreements gives rise to a right to an attorney fees award by the prevailing party." (*Thompson v. Miller* (2003) 112 Cal.App.4th 327, 337.) "[W]here the language of the agreement broadly applies to ' "any dispute" ' under it, the attorney fee clause encompasses any conflict concerning the effect of the agreement, including a tort claim." (*Miske v. Coxeter, supra,* 204 Cal.App.4th at p. 1259.)

Section 1717, subdivision (b) contains a definition of a prevailing party for the purpose of applying that section. However, section 1717 applies only to a contractual agreement that attorney fees may be recovered by the party prevailing in an action to enforce that contract. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 615; *Exxess Electronixx*

*v. Heger Realty Corp., supra,* 64 Cal.App.4th at p. 708; *Xuereb v. Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at p. 1342.)[4] An agreement to pay attorney fees to the prevailing party in an action not governed by section 1717 or some other statute is controlled by the more general provisions found in the Code of Civil Procedure. (See, e.g., *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 484-486; *Childers v. Edwards, supra,* 48 Cal.App.4th at pp. 1547-1549.) As indicated above, section 1021 authorizes parties to enter an attorney fee agreement. (See generally, *Santisas v. Goodin, supra,* at p. 607, fn. 4.) Section 1032, subdivision (b) provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding" and section 1033.5, subdivision (a)(10)(A) provides that allowable costs include attorney fees "when authorized by . . . Contract." Section 1032, subdivision (a)(4) defines a prevailing party for the purpose of determining the right to recover allowable costs under these provisions as including the party "with a net monetary recovery."

Under these standard provisions, plaintiff was the prevailing party since she obtained a net recovery in the action, albeit under a negligence rather than a breach of contract cause of action. This construction comports with the "ordinary or popular sense" of the term "prevailing party," since plaintiff recovered from BTI the balance of the purchase price of her business, which was the sole objective of her lawsuit, regardless of the theory on which she prevailed. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 609.) BTI

---

[4] See also *Moallem v. Coldwell Banker Com. Group, Inc.* (1994) 25 Cal.App.4th 1827, 1830. That case recognizes that section 1717 applies only to agreements authorizing an award of attorney fees to the party prevailing "on the contract" and carries the analysis one step beyond any issue presented in this case. The attorney fee provision at issue in *Moallem* was broad enough to encompass tort claims (any legal action "relating to" the parties' agreement), but was not reciprocal; it provided a right to recover attorney fees only by the party who did not prevail in the action. The court held that despite "a strong call of fairness" (*id.* at p. 1832), since section 1717 did not apply, there was no basis on which to treat the attorney fee provision as imposing a reciprocal obligation which would entitle the other party, who prevailed on a tort claim, to recover its attorney fees.

may have won a battle, but plaintiff won the war and is the prevailing party both within the express and unambiguous terms of section 1032, subdivision (a)(4) and within "the meaning a layperson would ascribe" to "prevailing party." (*Id.* at p. 608.) Since the controlling attorney fee clause entitles the prevailing party in litigation concerning "any dispute" to recover its attorney fees, the trial court properly awarded plaintiff her attorney fees and denied BTI its fees.

BTI contends that "[t]he right to fees by [plaintiff] and BTI must be independently analyzed," so that while plaintiff may be entitled to recover her fees for prevailing on the negligence cause of action, BTI is entitled to recover its fees under section 1717 for prevailing on the contract cause of action. This contention disregards the terms of the contractual attorney fee provision. That provision does not entitle the party prevailing on a particular cause of action to recover its fees incurred in connection with that cause of action. Rather, as discussed above, the agreement is that the party who prevails in arbitration or litigation of "any dispute" shall recover its costs and reasonable attorney fees. In some situations the court may determine that neither party has prevailed (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109), but there may be no more than one prevailing party with respect to the resolution of a single dispute, regardless of the number of theories of recovery that were advanced (cf. *Frog Creek Partners, LLC v. Vance Brown, Inc., supra,* 206 Cal.App.4th at pp. 539-543).[5] In the present case, as the trial court implicitly determined, it is the plaintiff who prevailed in her dispute with BTI over its responsibility for the failure to collect the full purchase price for the sale of plaintiff's business. Plaintiff is the only prevailing party entitled to recover its attorney fees.

---

[5] If a single lawsuit involves claims for the breach of multiple independent contracts, each of which contains an attorney fee provision, the prevailing party under each contract may be entitled to recover its attorney fees with respect to the litigation over that claim. (*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 47 Cal.App.4th 464, 491). However, "each contract still supports only one fee award in a given lawsuit." (*Frog Creek Partners, LLC v. Vance Brown, Inc., supra,* 206 Cal.App.4th at p. 543).

**Disposition**

The order denying BTI's motion for attorney fees is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

Superior Court of Sonoma County, No. SCV-247728, Patrick Broderick, Judge.

Counsel for Plaintiff and Respondent:     THE PREIST LAW OFFICES, William G. Priest

Counsel for Defendant and Appellant:     FRITZ LAW OFFICES, William F. Fritz