FILED

**NOT FOR PUBLICATION**

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

PASKENTA BAND OF NOMLAKI
INDIANS; PASKENTA ENTERPRISES
CORPORATION,

      Plaintiffs-Appellants,

v.

CORNERSTONE COMMUNITY BANK;
CORNERSTONE COMMUNITY
BANCORP; UMPQUA BANK;
UMPQUA HOLDINGS CORPORATION;
GARTH MOORE INSURANCE AND
FINANCIAL SERVICES, INC.; GARTH
MOORE; ASSOCIATED PENSION
CONSULTANTS, INC.,

      Defendants-Appellees.

No.   17-16633

D.C. No.
2:15-cv-00538-MCE-CMK

MEMORANDUM[*]

PASKENTA BAND OF NOMLAKI
INDIANS; PASKENTA ENTERPRISES
CORPORATION,

      Plaintiffs-Appellees,

v.

No.   17-16673

D.C. No.
2:15-cv-00538-MCE-CMK

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UMPQUA BANK; UMPQUA
HOLDINGS CORPORATION,

Defendants-Appellants.

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submission Deferred January 13, 2021
Submitted January 26, 2021[**]
San Francisco, California

Before:  KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

These two appeals involve disputes over the district court's award of attorneys' fees and costs.[1]  We have jurisdiction under 28 U.S.C. § 1291, and review de novo whether an "application for attorneys' fees was proper under state law and the contractual provisions."  *Resolution Tr. Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 799 (9th Cir. 1994), *as amended*.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] We previously affirmed the underlying judgments.  *See Paskenta Band of Nomlaki Indians v. Cornerstone Cmty. Bank*, No. 17-15484, 846 Fed. App'x 590 (9th Cir. May 3, 2021); *Paskenta Band of Nomlaki Indians v. Umpqua Bank*, No. 17-15486, 846 Fed. App'x 589 (9th Cir. May 3, 2021); *Paskenta Band of Nomlaki Indians v. Associated Pension Consultants, Inc.*, No. 17-15483, 2021 WL 1740364 (9th Cir. May 3, 2021).

2

### 1. Award of Costs

As we affirmed the underlying judgments against Plaintiffs-Appellants Paskenta Band of Nomlaki Indians and Paskenta Enterprises Corporation (collectively, Paskenta), the district court's awards of costs to Defendants-Appellees Cornerstone Community Bank, Cornerstone Community Bancorp, and Jeffrey Finck (collectively, Cornerstone), Umpqua Bank and Umpqua Holdings Corporation (collectively, Umpqua Bank), Garth Moore and Garth Moore Insurance and Financial (collectively, Moore), and Associated Pension Consultants, Inc. (APC) are affirmed as well. *See Mozart Co. v. Mercedes-Benz of N. Am., Inc.*, 833 F.2d 1342, 1352 (9th Cir. 1987).

### 2. Sovereign Immunity

By filing a complaint seeking attorneys' fees, Paskenta expressly waived sovereign immunity with respect to that issue, and also consented to the court's authority to consider Cornerstone's and Umpqua's motions for attorneys' fees. *See Confederated Tribes of the Colville Rsrv. Tribal Credit v. White (In re White)*, 139 F.3d 1268, 1271 (9th Cir. 1998).

### 3. Award of Attorneys' Fees to Cornerstone

The unambiguous language of the attorneys' fees provision in the indemnity agreement between Paskenta and Cornerstone (Indemnity Agreement) provides for

a fee award to the prevailing party when either party brings "any action to enforce or interpret the terms" of the agreement.  Once Paskenta filed this action asserting claims that had been released by the Indemnity Agreement, the action necessarily implicated the enforcement and interpretation of the Indemnity Agreement.  *See Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 561-62 (Cal. 2017).  Accordingly, we affirm the district court's award of attorneys' fees to Cornerstone.

4.  **Denial of Umpqua's Motion for Attorneys' Fees**

Paskenta's bank account terms with Umpqua (Account Terms) provides that Paskenta will "be liable . . . for [Umpqua's] reasonable attorneys' fees . . . whether incurred as a result of collection or in any other dispute involving your account."  The district court erred by denying Umpqua's motion for attorneys' fees based on the heading of the Account Terms: "Liability for Overdrafts."  The Account Terms expressly provide that the "headings in this document . . . will not govern the interpretation of the provisions."  Additionally, the phrase "any other dispute involving your account" is not ambiguous and cannot be reasonably be read as

limited to disputes involving collections, account shortages, or overdrafts.[2] *See*

*Maynard v. BTI Grp., Inc.*, 216 Cal. App. 4th 984, 993 (2013) (explaining that "an

attorney fee provision awarding fees based on the outcome of 'any dispute'

encompasses all claims"); *see also Blue Shield of Cal. Life & Health Ins. Co. v.*

*Superior Ct.*, 192 Cal. App. 4th 727, 740 (2011) (declining to "adopt a restrictive

meaning" when interpreting the phrase "any other matter arising out of this Plan"

because the phrase could not "reasonably be read" as part of the limited list that

proceeded it).  Accordingly, we reverse and remand for the district court to

calculate the fee award in the first instance.  *See Carpenters Health & Welfare Tr.*

*for S. Cal. v. Vonderharr*, 384 F.3d 667, 674 (9th Cir. 2004).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] Because the attorneys' fees provision was not ambiguous, the district court also erred in construing the provision against Umpqua.  *See Powers v. Dickson, Carlson & Campillo*, 54 Cal. App. 4th 1102, 1112 (1997), *as modified*.