145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UMBRA CUSCINETTI, an Italian Corporation, Plaintiff-Appellee,
v.
BEAVER PRECISION PRODUCTS, a Michigan Corporation,
Defendant-Appellant.
 No. 97-15940.
DC No. CV-95-20684-SW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1998.
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Spencer M. Williams, Senior District Judge, Presiding.
 Before WHITE, Justice,** and NOONAN and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Umbra Cuscinetti ("Umbra"), an Italian corporation, sued Beaver Precision Products ("Beaver"), a Michigan corporation, seeking the specific enforcement of an agreement (the "APA") that provided that Beaver would sell its interest in a joint venture (the "JPA") between the two firms to Umbra. The district court ordered the specific enforcement of the agreement and awarded Umbra attorney's fees. We affirm.
 
 
 3
 Beaver's President, Andy Andersen ("Andersen") had the actual authority to bind Beaver to the APA because Beaver's sole shareholder, Lloyd Baretz ("Baretz"), "intentionally, or by want of ordinary care, allow[ed]" Andersen to believe that he possessed such authority. Cal.Civ.Code § 2316 (West 1998). Baretz appointed Andersen as Beaver's President and allowed him to negotiate and execute the JPA and to negotiate the APA, causing Andersen reasonably to believe that he was authorized to execute the APA as well. See Tomerlin v. Canadian Indem. Co., 61 Cal.2d 638, 39 Cal.Rptr. 731, 394 P.2d 571, 574 (Cal.1964).
 
 
 4
 The APA was conditioned on Beaver obtaining Sanwa Business Credit Corporation's ("Sanwa") approval, which Sanwa has not given. This condition is excused, however, because Beaver breached the duty of good faith and fair dealing implied in every contract by "preventing fulfillment of a condition of [its] own obligation." Jacobs v. Tenneco West, Inc., 186 Cal.App.3d 1413, 1418, 231 Cal.Rptr. 351 (Cal.Ct.App.1986) (citations omitted). Substantial evidence demonstrated that Beaver's lack of good faith contributed materially to the failure to obtain Sanwa's approval. This evidence included: Andersen's false representation that he had obtained Sanwa's approval; Baretz's failure to inform Sanwa of its negotiations with Umbra; Andersen's suggestion that Beaver "could always present the deal to Sanwa in such a way that they would decline to consent"; Beaver's failure to timely approach Sanwa about approving the APA; and Baretz's recommendation that Sanwa not approve the APA.
 
 
 5
 Specific performance was an appropriate remedy in this case. A court may not order the specific performance of "an agreement to procure the act or consent of a third person." Cal.Civ.Code § 3390. That restriction does not apply here because the condition of Sanwa's consent has been waived. See Stevens Group Fund IV v. Sobrato Dev. Co., 1 Cal.App.4th 886, 896-97, 2 Cal.Rptr.2d 460 (Cal.Ct.App.1991). Further, Beaver retained the legal power to transfer its interest in the JPA to Umbra "notwithstanding a provision in [its] security agreement [with Sanwa] prohibiting any transfer...." See Cal .Com.Code § 9311 (West 1998). Specific performance would also be an inappropriate remedy if it caused Sanwa to suffer "unreasonable hardship or loss." See Restatement (Second) of Contracts § 364 (1981) (emphasis added). Sanwa, however, has not intervened to protect its rights nor did Beaver make a strong showing that Sanwa would be injured by the performance of the APA.
 
 
 6
 The district court did not abuse its discretion when it considered Beaver's unclean hands and minimal contribution to the JPA and refused to award Beaver pre-judgment interest on the purchase price of the APA. Nor did it err in awarding attorney's fees to Umbra's attorneys for work relating to other matters, when that work was "on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." Korech v. Hornwood, 58 Cal.App.4th 1412, 1422, 68 Cal.Rptr.2d 637 (Cal.Ct.App.1997) (quoting Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 158 Cal.Rptr. 1, 599 P.2d 83, 86 (Cal.1979)).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 **
 The Honorable Byron R. White, Retired Associate Justice, United States Supreme Court, sitting by designation