Filed 2/2/16  Park v. Nazari CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHOP WON PARK et al., | B253685 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. BC422025) |
| KELLY NAZARI et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm Mackey, Judge.  Affirmed in part; reversed in part.

Law Offices of Carpenter, Rothans & Dumont and David G. Torres-Siegrist for Defendants and Appellants.

Olson Law Firm, Shawn M. Olson and Kevin A. Spainhour for Plaintiffs and Respondents.

## INTRODUCTION

Plaintiffs and respondents Chop Won Park and True World, LLC bought a truck stop business. When the business failed, plaintiffs sued defendants and appellants Crystal Sand, Inc., Shawn Nazari, Shahrokh Nazari, and Kelly Nazari (collectively, the Nazari defendants) for, among other things, breach of contract and for fraud. A jury found in plaintiffs' favor on the fraud causes of action. The Nazari defendants appeal. We reverse an award of prejudgment interest to plaintiffs but otherwise affirm the judgment.

## BACKGROUND[1]

### I.    Plaintiffs buy the truck stop business.

According to the operative pleading, Kelly Nazari owned land located on State Highway 58 in Mojave. Crystal Sand, which was controlled by Kelly's son Shahrokh Nazari, owned the truck stop business (Truck Stop), located on the land. In 2008, Chop Won Park, Bonnie Nguyen, Barnabas Shin, and Ho K. (Joseph) Suh formed True World, LLC, to buy and to manage the Truck Stop. Apparently pursuant to two "commercial property purchase" agreements, the business and land were sold to True World for $2.6 million. The buyer was True World. It is unclear who were the sellers.[2] Park, Nguyen, and Shin executed a $500,000 promissory note in favor of Shahrokh Nazari. Park, Nguyen, Shin, and Suh executed a $1 million promissory note in favor of Kelly Nazari. Park, Nguyen, Shin, and Suh personally guaranteed payments under the purchase agreements. The purchase agreements and notes in the clerk's transcript contain attorney fees provisions.

---

[1]    The usual rules on appeal from a judgment rendered after a trial require us to view and to state the facts in the light most favorable to the judgment. (*Blanks v. Seyfarth Shaw LLP* (2009) 171 Cal.App.4th 336, 346, fn. 2.) We are hindered in giving such a statement by appellant's designation of 20 volumes of clerk's transcripts but just three reporter's transcripts, containing primarily the testimony of Shawn Nazari, from an almost two-week trial.

[2]    One agreement in the clerk's transcript is signed by Kelly Nazari and the other identifies "Zahra Gavidale" as the seller, but Shawn Nazari testified at trial that the "seller was the family, my wife."

## II.    The lawsuits.

In September 2009, Park and True World filed a complaint in Los Angeles Superior Court.  In 2011, they filed a third amended complaint against Man Wong Won, Shahrokh Nazari, Crystal Sand, Suh, Shin, Kelly Nazari, and Remax Pro, alleging 24 causes of action for, among others, fraud/intentional misrepresentation, fraud/active concealment, negligent misrepresentation, and breach of contract.  Plaintiffs alleged that Park, a Korean American immigrant who spoke little or no English, heard about the Truck Stop from his acquaintance, Suh.  Suh, along with Shin, "conned" Park into investing in the Truck Stop.  The sellers also engaged in a fraudulent scheme against plaintiffs:  the sellers required $1.5 million up front, extended $1.5 million in mortgages to be held by Kelly and Shawn Nazari, and required personal guarantees.  When the buyers became unable to meet their monthly mortgage payments, the sellers forced a foreclosure.  In furtherance of this scheme, sellers concealed from plaintiffs that the business was foundering and misrepresented that the business generated $60,000 per month in net profits.

In January 2010, Shawn Nazari (Kelly Nazari's husband and Shahrokh Nazari's father) filed a complaint for damages in Kern County against Sunshine Truck World Corp.,[3] Park, Nguyen, Shin, and Suh, based on the $500,000 promissory note and personal guaranty.  Shawn Nazari alleged that the $500,000 promissory note executed in favor of Shahrokh Nazari was assigned to him (Shawn Nazari), and that the note was in default.  This Kern County case was transferred to and consolidated with Park's and True World's action in Los Angeles County.

Cross-complaints were filed in the action.  Shin, Man Wong Won, and Suh cross-complained for indemnity against Crystal Sand, Shahrokh Nazari, and Park.  Kelly Nazari cross complained for waste and for indemnification against Park, Nguyen, Shin, Suh, and True World.  Kelly Nazari alleged that cross-defendants willfully mismanaged

---

[3]    It appears that the buyers created two entities:  Sunshine Truck World Corp. to buy the business and Truck World, LLC to buy the land.

the Truck Stop business, allowing it to deteriorate and jeopardizing the security for the promissory note. She further alleged that under the purchase agreement, cross-defendants agreed to indemnify and hold her harmless from all losses, claims, expenses and liability.

## III.   The settlement of Man Wong Won, Shin and Shuh.

Before trial, Man Wong Won, Suh, and Shin entered into a settlement agreement, agreeing to pay $425,000 to Park and True World. Over the Nazari defendants' objection, the trial court granted the settling defendants' application for good faith settlement.

## IV.   The trial and the jury's special verdict.

The matter proceeded to a jury trial on August 26, 2013. The jury rendered a special verdict on September 11, 2013. The jury first found that the Nazari defendants were "co-owners of the business for profit," were acting within the scope of their authority when the business was sold; combined their property, skill or knowledge to run the business; had an ownership interest in and joint control over the business; and agreed to share business profits.

The jury found in plaintiffs' favor on intentional misrepresentation and concealment causes of action. As to both, the jury found that defendants engaged in "the conduct with malice, oppression, or fraud." On both the intentional misrepresentation and concealment causes of action, the jury found that True World suffered $558,626.07 in out of pocket damages and that Park suffered $661,714 in damages.

There were two "Breach of contract" headings. Under the first, the jury found that plaintiffs did *not* enter into a contract with Shahrokh Nazari but that they did enter into a contract with Crystal Sand, Shawn Nazari, and Kelly Nazari. Plaintiffs, however, failed to do all or substantially all of the significant things the contract required and their performance was not excused. Under the second breach of contract heading, the jury found that Park and Shawn Nazari entered into a contract—presumably the personal

4

guaranty—but that Shawn Nazari did not do all or substantially all of the significant things the contract required and his performance was not excused.

Under the heading "Apportionment," the jury assigned "responsibility for plaintiffs' harm" to the parties. As to plaintiff Park, the jury assigned: 0 percent to Crystal Sand, Ly Vu, Suh, Nguyen and to plaintiff Park; 5 percent each to Shahrokh Nazari and Kelly Nazari; 10 percent to Shin; 50 percent to Shawn Nazari; and 30 percent to plaintiff True World. As to plaintiff True World, the jury assigned: 0 percent to Crystal Sand, Park, Ly Vu, Shin, Suh, and Nguyen; 5 percent each to Shahrokh Nazari and Kelly Nazari; 50 percent to Shawn Nazari; and 40 percent to plaintiff True World.

On September 12, 2013, the second phase of trial began on punitive damages. The jury awarded $100,000 in punitive damages to Park against Shawn Nazari.

After the verdict, the Nazari defendants asked the trial court to set off the amount paid by the settling defendants against the judgment. The court found that the Nazari defendants were entitled to a $410,000 setoff.[4]

The trial court entered judgment on November 1, 2013. The judgment in favor of Park was $661,714 plus prejudgment interest in the amount of $367,837.41, less the $410,000 setoff, plus $100,000 in punitive damages. The judgment in favor of True World was $558,626.07 plus $310,538.45 in prejudgment interest. Pursuant to a directed verdict entered September 6, 2013, judgment was entered against Kelly Nazari on her cross-complaint and in favor of Park, True World and Nguyen. The court awarded attorney fees to plaintiffs in the amount of $487,329 plus costs.

## CONTENTIONS

The Nazari defendants contend **I.** the trial court failed to "apply apportionment" as reflected in the special verdict; **II.** the court erred by awarding prejudgment interest;

---

[4]     The record references September 26, 2013 orders about set off, prejudgment interest, and valuing waiver of costs and attorney fees for the settling defendants. Neither those orders nor the reporter's transcript from any hearing on the set off and related issues is in the record.

5

**III.** the court abused its discretion by awarding attorney fees; and **IV.** the court failed to apply a setoff valuation to the "waiver of attorney fees and costs."[5]

## DISCUSSION

## I.    Apportionment.

The jury apportioned "responsibility for plaintiffs' harm" among the parties, including to plaintiff True World. The Nazari defendants contend that the judgment must be reversed because the trial court failed to apply this apportionment. We disagree.

Apportionment under comparative fault principles to a plaintiff is improper where, as here, defendants were found liable for intentional torts. (See *Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335; *Thomas v. Duggins Construction Co., Inc.* (2006) 139 Cal.App.4th 1105, 1112-1113; *Allen v. Sundean* (1982) 137 Cal.App.3d 216, 226-227 [no authority supports extending comparative fault principles to intentional torts].) In *Heiner,* defendant Kmart argued that the jury should have been instructed on plaintiff Heiner's alleged contributory negligence to a battery. (*Heiner,* at p. 348.) *Heiner*, in dicta, found that apportionment of fault for injuries inflicted in the course of an

---

[5] The Nazari defendants at oral argument contended that the jury's fraud findings in favor of plaintiffs were inconsistent with the jury's finding against plaintiffs on the breach of contract cause of action. Because this issue was not raised in appellants' opening brief and was raised only at oral argument, we reject it. (*Estate of McDaniel* (2008) 161 Cal.App.4th 458, 463 [" 'It is a clearly understood principle of appellate review, so well established as to need no citation to authority, that contentions raised for the first time at oral argument are disfavored and may be rejected solely on the ground of their untimeliness' "].) In any event, no inconsistency in the verdict is apparent on this limited record. Without, for example, the complete reporter's transcript, jury instructions, and closing argument, we cannot determine, as appellants' counsel asserted at oral argument, whether the "operative facts" underlying the fraud claims were identical to the ones underlying the contract claim, or even ascertain which of the multiple contracts in the record were at issue in the special verdict. (See generally *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [appellant has a duty to provide an adequate record to demonstrate error]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712, overruled on another ground by *Wilson v. Garcia* (1985) 471 U.S. 261.) To the extent the record here precludes adequate review, we make all reasonable inferences in favor of the judgment. (*Rossiter*, at p. 712.)

6

intentional tort was improper. (*Id.* at p. 349.) Rather, there is an "unbroken line of authority barring apportionment where, as here, the defendant has committed an intentional tort and the injured plaintiff was merely negligent." (*Id.* at p. 350.) This "unbroken line of authority" includes cases declining to apply comparative negligence principles in business litigation. (*Carroll v. Gava* (1979) 98 Cal.App.3d 892, 896-897; accord, *Godfrey v. Steinpress* (1982) 128 Cal.App.3d 154, 176 [contributory negligence has no application to fraud by concealment].)

We agree that comparative fault principles have no application to a case such as this, where the jury found defendants liable for intentional torts. Such principles have no application for the additional reason that the jury made no clear finding that plaintiffs were negligent. The jury apportioned 30 percent of "responsibility for [Park's] harm" to plaintiff True World and 10 percent to codefendant Shin. The jury apportioned 40 percent of "responsibility for [True World's] harm" to True World. What this means is unclear. There were no findings of fact regarding True World's "responsibility for the harm." Instead, as to intentional misrepresentation, the jury found that the Nazari defendants knowingly or recklessly made a false representation to plaintiffs and that plaintiffs reasonably relied on that representation. The jury similarly found, as to concealment, that the Nazari defendants intentionally failed to disclose an important fact that plaintiffs did not know and could not have reasonably discovered and that plaintiffs reasonably relied on the deception. Given these express findings, the jury's apportionment of partial responsibility for "plaintiffs' harm" to plaintiff True World is ambiguous.

The Nazari defendants, however, failed to provide a record on appeal that might explain the ambiguity. Although there were approximately 13 days of trial, defendants designated partial transcript excerpts from six days, none of which include, for example, the jury instructions or any explanation of the verdict form. In the absence of a record explaining the verdict, we reject the Nazari defendants' argument. (*Estrada v. Ramirez,*

7

*supra,* 71 Cal.App.4th at p. 620, fn. 1; *Rossiter v. Benoit, supra,* 88 Cal.App.3d at p. 712.)

## II.  Prejudgment interest.

Although the jury was not asked whether plaintiffs were entitled to prejudgment interest on the intentional misrepresentation and concealment causes of action, the trial court awarded prejudgment interest to plaintiffs:  $367,837.41 to Park and $310,538.45 to True World.  This was error.  "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, *in the discretion of the jury.*"  (Civ. Code, § 3288, italics added.)  This language has been construed to mean that the trier of fact, whether jury or court, appropriately decides the issue of prejudgment interest under this section.  (*Michelson v. Hamada* (1994) 29 Cal.App.4th 1566, 1586-1587; *Bullis v. Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 814; *Stein v. Southern Cal. Edison Co.* (1992) 7 Cal.App.4th 565, 572.)

The Nazari defendants were found liable on only the intentional tort causes of action.  In connection with those causes of action, the jury found that the Nazari defendants engaged "in the conduct with malice, oppression, or fraud."  The special verdict form, however, did not ask the jury to award prejudgment interest.  Instead, the trial court awarded prejudgment interest after the verdict was rendered.  Because the trier of fact, the jury, did not decide the issue, the award of prejudgment interest must be stricken from the judgment.  (*Barry v. Raskov* (1991) 232 Cal.App.3d 447, 457-458.)

## III.  Attorney fees.

The Nazari defendants argue that any attorney fee provision at issue limits attorney fees to the party who prevailed on the contract cause of action, irrespective of whether that party prevailed on other causes of action.  (See generally Civ. Code, § 1717, subd. (a);[6] *Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 992 (*Maynard*).)

---

[6]    Civil Code section 1717 provides:  "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she

Because plaintiffs did not prevail on their breach of contract cause of action, even though they prevailed on their tort ones, they are not entitled to attorney fees, the Nazari defendants argue. We disagree.

The problem with this argument is that the Nazari defendants fail to quote in their opening brief any attorney fee provision and make any specific argument regarding it, although, it appears there were multiple agreements at issue; for example, two purchase agreements, promissory notes secured by a deed of trust, and a personal guaranty. The fee provision in the purchase agreements, for example, provided: "In any action, proceeding, or arbitration between Buyer and Seller *arising out of this Agreement*, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except" in the case of mediation. (Italics added.) Even if we assumed that this fee provision applies, the Nazari defendants make no specific argument why plaintiffs cannot recover attorney fees under it. (See generally Code of Civ. Proc., § 1021; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608; *Maynard, supra,* 216 Cal.App.4th at p. 992 ["If the attorney fee provision does encompass noncontractual claims, the prevailing party entitled to recover fees normally will be the party whose net recovery is greater . . . whether or not that party prevailed on a contract cause of action"]; *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1340-1341 [fees recoverable on tort claims where contract provided prevailing party was entitled to fees in a " 'lawsuit or other legal proceeding' " to which " 'this Agreement gives rise' "]; *Gonzales v. Personal Storage, Inc.* (1997) 56 Cal.App.4th 464, 480.)

Also, to the extent the record is unclear on issues such as, for example, who were the parties to the purchase agreements and such issues are relevant to any attorney fee issue, the absence of a complete reporter's transcript or settled statement of the trial and/or the hearing on the attorney fees motion hinders our ability to meaningfully assess attorney fees issues. Given appellants' failure to make any specific argument about any

---

is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

9

applicable attorney fee provision and to provide an adequate record for review, the issue is deemed waived or abandoned. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 [we may deem an issue abandoned when appellant cites only general principles but fails to apply those principles to the circumstances before the court]; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [we do not develop appellants' arguments for them]; *In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1164.)

Similarly problematic is the Nazari defendants' contention that an award of attorney fees to Bonnie Nguyen must be reversed because she lacked "standing." Kelly Nazari cross-complained for waste and indemnification against Nguyen. A directed verdict was entered on September 6, 2013 against Kelly Nazari and in favor of Nguyen.[7] Nguyen therefore was a party to the action. Also, to the extent the Nazari defendants further contend that Nguyen may not recover her attorney fees because the cross-complaint sounded only in tort and was not an action "on a contract," the second cause of action for indemnification appears to have been brought under the purchase agreement.[8]

On this record, we also reject any argument that plaintiffs were not the "prevailing party." The prevailing party is the party who obtained a net recovery in the action. (*Maynard, supra,* 216 Cal.App.4th at pp. 992, 994 [plaintiff who prevailed on her

---

[7]    The reporter's transcript contains a portion of the September 6, 2013 trial proceedings but not the portion regarding the directed verdict. To the extent that transcript is necessary to evaluate the Nazari defendants' argument, the record is inadequate.

[8]    The cross-complaint also relied on the $1 million promissory note Nguyen executed in favor of Kelly Nazari. That note provided: "If action be instituted on this note, I/we promise to pay such sum as the Court may affix as attorney's fees." The deed of trust to the note further states: "To Protect the Security of This Deed of Trust, Trustor Agrees: [¶] . . . [¶] 3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed."

negligence cause of action but not on her contract one could recover attorney fees]; see also *Santisas v. Goodin, supra,* 17 Cal.4th at p. 622.) One should not confuse "prevailing in the lawsuit" with "prevailing on the contract." (*Maynard,* at p. 993.) Who is the prevailing party for the purposes of determining attorney fees is a matter left to the trial court's discretion. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.)

Other than the bare fact that plaintiffs did not prevail on their breach of contract cause of action, the Nazari defendants offer no reason why the trial court abused its discretion. None is apparent on this record. Plaintiffs prevailed on their intentional misrepresentation and concealment causes of action. Park was awarded $661,714 in damages (pre-setoff) plus $100,000 in punitive damages. True World was awarded $558,626.07 in damages. In contrast, Shawn Nazari and Kelly Nazari lost on their cross-complaints. Thus, plaintiffs, not the Nazari defendants, accomplished their litigation objectives. (*Maynard, supra,* 216 Cal.App.4th at p. 992.)

Finally, the Nazari defendants argue, for the first time in their reply, that the attorney fees award was "excessive, abusive and not in compliance with the laws and statutes."**9** Arguments raised for the first time in an appellant's reply brief are waived. (See, e.g., *Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6.) Moreover, other than broadly asserting that the fee award was "excessive," the Nazari defendants fail to specify in what way the award was excessive. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when an appellant fails to support a point with reasoned argument and citations to authority, we treat it as waived].)

IV. **Failure to "offset waiver of costs and attorney fees."**

The Nazari defendants do not challenge the finding that the settlement between plaintiffs and Shin, Suh and Man Wong Won was in good faith. Rather, they claim that

---

**9** Plaintiffs requested $600,375.74 in attorney fees but the trial court awarded $487,329.50.

11

the $410,000 offset was inadequate because the "trial court did not provide any offset for the waiver of costs and attorney's fees." The claim is meritless.

After the jury rendered its verdict, the parties briefed the offset issue. The Nazari defendants asked for a "set off in the full amount of $410,000 in addition to a valuation of a waiver of costs and attorney fees contained in the settlement agreement." The Nazari defendants did not, however, submit a "valuation" of any such waiver. Indeed, it is unclear what "waiver" the Nazari defendants are referring to. The settlement agreement between defendants Man Wong Won, Shu and Shin and plaintiffs Park and True World was for $425,000 and included, among other things, all claims, damages, costs, and attorney fees.

Moreover, the record shows that the trial court considered the issue. The judgment states the total amount of the judgment "*minus the set off of $410,000, as reflected in the Court's Order on September 26, 2013 . . . .*" (Italics added.) Neither that minute order nor any record of the hearing on the offset issue is in the record on appeal. As the appellants, the Nazari defendants had the burden of demonstrating an abuse of discretion. (See generally *Wade v. Schrader* (2008) 168 Cal.App.4th 1039, 1044 [ruling granting or denying a Code Civ. Proc., § 877 settlement credit is reviewed under the deferential abuse of discretion standard, except to the extent we must decide whether the ruling was consistent with statutory requirements, in which case we apply the independent standard of review].) This record is inadequate to make such a showing. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [we cannot evaluate contentions absent transcript or settled statement; party challenging judgment has burden to show reversible error].)

12

## DISPOSITION

The judgment is affirmed in part and reversed in part.  The awards of prejudgment interest to plaintiffs Chop Won Park and True World, Inc. are reversed.  The judgment is otherwise affirmed.  The parties are to bear their own costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13